UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. CV 08-8018 CBM (MAN)                    Date: April 15, 2010

Title:  *United States v. Kim*
========================================================================
ORDER TO SHOW CAUSE Re: Applications for Writs of Garnishment
========================================================================
PRESENT:

    The Honorable CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| JOSEPH LEVARIO | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:
N/A      N/A

**PROCEEDINGS:**

The matters before this Court are Plaintiff the United States of America's *Ex Parte* Applications for Writs of Garnishment, [Docket Nos. 14-23, 48], filed on March 31, 2009, and March 31, 2010.

In their Applications for Writ of Garnishment filed on March 31, 2009, the Government seeks to garnish funds/property owned by Defendant John Kim currently on deposit or being held by the following institutions: (1) Bank of America; (2) Chase Bank; (3) California Bank; (4) the Law Offices of Ray Hellwig; and (5) WWIS, Inc. [Docket Nos. 14-23.] In their Application for Writ of Garnishment filed on March 31, 2010, the Government seeks to either garnish assets/property owned by Mr. Kim and being held by or on deposit with Center Bank.

**I.    The Applications for Writs of Garnishment to Bank of America, Chase Bank, California Bank, Law Offices of Ray Hellwig and WWIS, Inc. and accompanying documents originally filed on March 31, 2009**

The Government's 2009 Applications came on for Hearing on May 4, 2009. At the Hearing, the Court asked the Government whether "Writ of Garnishment", as opposed to "Writ of Execution", was the proper procedural device for satisfying the judgment against Defendant John Kim.

On May 14, 2009, the Government lodged revised Writs of Garnishment for: (1) Bank of America; (2) Chase Bank; (3) California Bank; (4) the Law Offices of Ray Hellwig; and (5) WWIS, Inc. In its "Notice of Lodging of Revised Orders for Issuance of Writs of Garnishment", the Government wrote that whereas 28 U.S.C. section 3203(a) governs "Writs of Execution", 28 U.S.C. section 3205(a) permits a court to issue a writ of garnishment. The Government also lodged a revised "Proposed Order Directing the Clerk to Issue Writ" for each of these five institutions.

Despite the foregoing attempt to cure the Government's Applications for Writs of Garnishment for Bank of America, Chase Bank, California Bank, the Law Offices of Ray Hellwig and WWIS, Inc., the Court nevertheless finds that the Government's Applications are defective.

The Fair Debt Collections Act permits the Government to garnish property of a debtor in order to satisfy a judgment against the debtor. The Government correctly notes that title 28 of the United States Code section 3205(a) permits a court to:

> issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the laws of the State in which such property is located. A court may issue simultaneous separate writs of garnishment to several garnishees. A writ of garnishment issued under this section shall be continuing and shall terminated only as provided

by law. Sections 3205(b) and 3205(c) explicitly lay out the steps the Government must take to obtain a writ of garnishment. As explained below, sections 3205(b) and 3205(c) require the Government to file/lodge: (1) an application for writ of garnishment; (2) a draft, or proposed, writ; and (3) notices to the judgment debtor and garnishee which must accompany/or otherwise be included in the writ.

<u>Application for Writ</u> - First, pursuant to section 3205(b) the "United States shall include in its application for a writ of garnishment: (A) the judgment debtor's name, social security number (if known), and last known address; and (B) the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due."

<u>The Writ</u> - Next, sections 3205(c)(1) and 3205(c)(2) provide that: "If the court determines that the requirements of this section are satisfied, the [c]ourt shall issue an appropriate writ of garnishment" which "shall state: (A) the name and amount of the debt, and any cost and interest owed with respect to the debt; (B) the name and address of the garnishee; (C) the name and address of counsel for the United States; (D) the last known address of the judgment debtor; (E) that the garnishee shall answer the writ within 10 days of service of the writ; (F) that the garnishee shall withhold and retain any property in which the debtor has substantial nonexempt interest and for which the garnishee is or may become indebted to the judgment debtor pending further order of the court."

The draft Writs the Government lodged with the Court directed to Bank of America, Chase Bank, California Bank, the Law Offices of Ray Hellwig and WWIS, Inc. are defective because they do not contain the last known address of the judgment debtor, Defendant John Kim. Therefore, the Government must include the last known address for Mr. Kim in its draft Writs.

<u>Notices to Garnishee and Judgment Debtor</u> - Third, section 3205(c)(3), provides that the "United States shall serve the garnishee and judgment debtor with a copy of the writ of garnishment and shall certify to the court that this service was made. The writ shall be accompanied by: (A) an instruction explaining the requirement that the garnishee submit a written answer to the writ; and (B) instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections."

The Notices the Government lodged with its Applications do not comport with section 3205(c)(3). The Notices to the judgment debtor, Defendant John Kim, contained in a separate document entitled "Clerk's Notice of Post Judgment Garnishment", do not provide Mr. Kim with instructions for objecting to the answer of the garnishee. The Notices only advise Mr. Kim how he can obtain a Hearing.

Moreover, the information the Government provides Mr. Kim about obtaining a Hearing is incorrect. Section 3205(c)(5) provides that: "Within 20 days after receipt of [the garnishee's] answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing . . . the court shall hold a hearing within 10 days after the date the request is received by the court, or as soon as thereafter is practicable." The Government's Notices, however, advises Mr. Kim that "[i]f you want a [H]earing, you must notify the [C]ourt within twenty (20) days after you receive this notice . . . the Hearing will take place within [five] (5) days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible." Notice at p. 2. The Government must lodge Notices comporting with Section 3250(c).

Based on the foregoing, the Court finds that the Applications for Writs of Garnishment and accompanying documents originally filed on March 31, 2009, are insufficient.

## II.  The Application for Writ of Garnishment to Center Bank filed on March 31, 2010

The Court finds the Government's March 31, 2010, Application for Writ of Garnishment of Center Bank and accompanying documents also do not contain statutorily required information.

Whereas the Application for Writ of Garnishment to Center Bank is timely and contains all the information required by section 3205(b), the Notice to the judgment debtor again fails to provide Defendant John Kim with the requisite, correct instructions on how to make objections and how to obtain a Hearing. In addition, it appears to the Court that a draft/proposed Writ to Center Bank is missing from the file or was otherwise not filed/lodged.

## III.  Conclusion and Order to Show Cause

Based on the foregoing, the Court hereby **Orders the Government to either: (1) show cause no later than April 22, 2010, why the Court should not deny** the Government's Application for Writ of Garnishment directed to MetLife; or **(2) cure the foregoing defects and comply with section 3205 no late than April 22, 2010**, at which time the Court will vacate this order to show cause and Order the Clerk of Court to issue the Writs of Garnishment.

       IT IS SO ORDERED.

Initials of Deputy Clerk_____
cc:    Judge Marshall
        Parties of Record